(113 So. 279)

### HORTON v. STATE. (5 Div. 663.)

Court of Appeals of Alabama. May 24, 1927.

Percy M. Pitts, of Clanton, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. It is unlawful for any person in this state to manufacture, or to sell, give away, or have in possession, any still, apparatus, appliance, or any device or substitute therefor, to be used for the purpose of manufacturing any prohibited liquors or beverages; and the statute prescribes a rule of evidence to the effect that the unexplained possession of any part or parts of any still, etc., commonly or generally used for, or that is suitable to be used in the manufacture of, prohibited liquors and beverages, shall be prima facie evidence of a violation of the law prohibiting the possession,.etc., of such still. Sections 4656, 4657, Code 1923.

In this case the arresting officers found a "copper worm" and "copper connections" on a wagon which this appellant and one Ocie Barnett were driving along a road in Chilton county. From the record we gather that the copper worm in question and some pipe were exhibited in court during the trial, and the testimony without dispute tended to show that these articles were not sufficient of themselves with which to manufacture or distill liquor, but that they were parts of a still, and were commonly or generally used, or were suitable to be used, for that purpose. This evidence, under the rule above stated, made out a prima facie case of the charge contained in count 1 of the indictment, which charged the unlawful possession of a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages.

In explaining his connection with the inhibited articles, the worm and pipe, defendant testified that he had no interest whatever in the articles, but that he was assisting in hauling same at the instance of Ocie Barnett, who stated he wanted to sell it as junk to a certain party. The bona fides of this explanation of possession was for the jury.

Over the objection and exception of defendant, the state was allowed to prove "these pipes here (indicating) had paste over

them where they had pasted them." This statement, upon the part of state witness Littlejohn, who was the sheriff of the county, was a mere conclusion; it was incompetent and inadmissible, and should not have been allowed. Its admission was error, and that it was prejudicial and injurious cannot be questioned. Whether the paste upon the pipes had been put there by the defendant and Barnett was a question for the jury to determine, and not for the witness to declare, as there was no pretense or insistence that the witness saw them paste the pipes, nor were there any facts or circumstances which would authorize such statement by the witness. For the error designated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.